**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY DAY,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 15-0863** |
| | : | |
| **LARRY MAHALLY,** *et al.*, | : | |
| **Respondents.** | : | |
| | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                               **February 2, 2017**

Petitioner seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction is contrary to the United States Constitution.  Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("R&R") recommending that the petition be denied, to which the Petitioner filed objections.  For the following reasons, Petitioner's objections will be overruled and the petition for the writ of habeas corpus will be denied.

### I.    PROCEDURAL HISTORY

On July 7, 2006, Petitioner was found guilty in Philadelphia County of rape, involuntary deviate sexual intercourse, contact with a minor for sexual purposes, statutory sexual assault, sexual assault, incest, indecent assault, unlawful restraint, endangering the welfare of a child, corrupting the morals of a minor, simple assault, recklessly endangering another person, and indecent exposure.[1]  Petitioner was sentenced to an aggregate term of forty to eighty years, which he is currently serving.[2]  Petitioner has filed the instant petition *pro se*, though he was represented by counsel at trial and during his direct appeals.[3]

---

[1] Doc. No. 16-5 at 20.

[2] Doc. No. 14-2 at 3.

[3] Doc. No. 3 ("Amended Petition") at 13-14.

After sentencing, Petitioner filed post-sentence motions which were rejected by the state courts as untimely.[4]  On January 26, 2009, Petitioner filed his first petition for collateral review under the Pennsylvania Post Conviction Relief Act ("PCRA"),[5] requesting reinstatement of his direct appeal rights and permission to file post-sentence motions *nunc pro tunc*.[6]  The PCRA court granted Petitioner's request, and on February 2, 2009, his motions were filed with the PCRA court.[7]  After the PCRA court denied Petitioner's motions, the Pennsylvania Superior Court affirmed his sentence on March 11, 2010.[8]  The Pennsylvania Supreme Court denied allocatur on January 20, 2011.[9]

On June 29, 2011, Petitioner filed a PCRA petition alleging ineffective assistance of counsel.[10]  His amended petition was denied on May 24, 2013, and the Pennsylvania Superior Court affirmed the dismissal on March 24, 2014.[11]  Allocatur was denied on September 3, 2014.[12]  Petitioner filed a second PCRA petition in state court on December 19, 2014.[13]

Petitioner filed a request for relief under § 2254 in this Court on February 14, 2015, and filed a revised petition on March 13, 2015.[14]  Magistrate Judge Caracappa then issued an R&R

---

[4] Doc. No. 17 ("R&R") at 1-2.

[5] 42 Pa. C.S. §§ 9541-51.

[6] R&R at 2.

[7] *Id.*

[8] *Commonwealth v. Day*, 996 A.2d 540, 540 (Pa. Super. Ct. 2010); Doc. No. 14-1 at 2.

[9] *Commonwealth v. Day*, 14 A.3d 823 (Pa. 2011).

[10] Though Petitioner filed his PCRA petition *pro se*, appointed counsel represented him through the proceedings. *See* Doc. No. 3 at 14; Doc. No. 14-2 at 4.

[11] *Commonwealth v. Day*, 100 A.3d 316, 316 (Pa. Super. Ct. 2014); Doc. No. 14-2 at 4.

[12] *Commonwealth v. Day*, 99 A.3d 75 (Pa. 2014).

[13] Doc. No. 1 at 16.  A review of the Philadelphia County Court of Common Pleas docket appears to indicate that Petitioner's second petition was dismissed.  However, no party has informed this Court of any decision in the matter.

[14] R&R at 2.

recommending Petitioner's writ be denied,[15] and Petitioner timely filed objections to the R&R, focusing primarily on his request for a stay and abeyance.[16]

## II.  LEGAL STANDARD

Review of Petitioner's writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under the AEDPA, "a district court shall entertain an application for a writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[17]  Where, as here, a magistrate judge has issued a report and recommendation, the district court's review is *de novo* of "those portions of the report or specified proposed findings or recommendations to which objection is made," and it "may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge."[18]

In order to raise a federal habeas claim, a petitioner must first exhaust all available state-law remedies.[19]  Claims that are not exhausted will become procedurally defaulted, foreclosing federal review on the merits unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[20]  Additionally, where the proper state court is barred from considering a petitioner's claims, the claims are also

---

[15] R&R at 19.

[16] Doc. No. 19.

[17] 28 U.S.C. § 2254(a).

[18] 18 U.S.C. § 636(b)(1).

[19] *See* 28 U.S.C. § 2254(b)(1)(A) (requiring that a petitioner "has exhausted the remedies available in the courts of the State" before a claim is cognizable on federal habeas review).

[20] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

considered procedurally defaulted.[21]

Only in the rarest of cases may a federal court review the merits of a procedurally defaulted claim.  If a petitioner demonstrates his case falls "within the narrow class of cases . . . implicating a fundamental miscarriage of justice," the merits may be revisited.[22]  The United States Supreme Court has emphasized that this fundamental miscarriage of justice exception applies to only "a severely confined category" of cases.[23]  Where an allegation of actual innocence is made, the new evidence presented by the petitioner must show "it is more likely than not that no reasonable juror would have convicted [the petitioner]."[24]

Most of Petitioner's exhausted claims concern ineffective assistance of counsel.  Under the Supreme Court's decision in *Strickland v. Washington*, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the petitioner.[25]  Counsel's performance is only deficient when it is "outside the wide range of professionally competent assistance."[26]  Prejudice occurs upon a showing that there is a reasonable possibility that but for counsel's deficient performance, the outcome of the underlying proceeding would

---

[21] *Id.* at 735 n.1 ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. . . . there is procedural default for purposes of federal habeas."); *see also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (noting that where state procedural rules bar the applicant from state court relief, claims are considered procedurally defaulted, and can only be considered if applicant demonstrates "cause and prejudice" or "fundamental miscarriage of justice" under *Coleman*).

[22] *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (internal citation omitted); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013) ("A federal court may invoke the miscarriage of justice exception to justify consideration of claims defaulted in state court under state timeliness rules.").

[23] *McQuiggin*, 133 S. Ct. at 1933.

[24] *Id.* (citing *Schlup*, 513 U.S. at 329).

[25] 466 U.S. 668, 687 (1984).

[26] *Id.* at 690.

4

have been different.[27]   For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.[28]

Further, when the state court has squarely addressed the issue of counsel's representation—as with Petitioner's five exhausted claims—the district court faces a double layer of deference.[29]   In these cases, "the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, which is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[30]

## III.   DISCUSSION

Petitioner raises eight claims in his memorandum of law.[31]   Five of these claims were raised in the state courts in his first PRCA petition and are properly exhausted.[32]   The remaining three claims were not previously raised, and thus are procedurally defaulted and cannot be reviewed on the merits.[33]   Further, as Petitioner fails to show good cause for his failure to timely raise these claims, his request for a stay and abeyance will be denied.[34]

---

[27] *Lewis v. Horn*, 581 F.3d 92, 106-07 (3d Cir. 2009).

[28] *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004) (citing *Moore v. Deputy Comm'r of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991)); *see also Strickland*, 466 U.S. at 694 (stating that it is not enough to point out errors by counsel which had *some* effect on proceeding, but rather the petitioner must demonstrate that in absence of such errors, there is a reasonable probability the outcome would have been different).

[29] *Premo v. Moore*, 562 U.S. 115, 123 (2011).

[30] *Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013); *see also* 28 U.S.C. § 2254(d) (requiring petitions to demonstrate state court proceedings were contrary to clearly established law or based on an unreasonable determination of the facts in order to be found meritorious).

[31] Amended Petition at 18-22 (raising exhausted and unexhausted claims); *see also* R&R at 2-3 (listing Petitioner's claims).

[32] R&R at 5 ("Petitioner's first five claims of ineffective assistance of counsel were presented to the state courts.").

[33] Petitioner has filed a second PCRA petition with these three claims which is currently pending.  For this reason, though the Court does not have access to the complete state record, it takes the facts alleged by Petitioner as true. Ultimately, however, these facts fail to establish that Petitioner is entitled to relief.

[34] Petitioner requests a stay and abeyance while the Pennsylvania state courts consider the claims of his second PCRA petition, arguing that his claim of innocence excuses procedural default.  *See* Doc. No. 19 at 1-2.  However,

A.      **Petitioner's Exhausted Claims**

Petitioner's five exhausted claims were rejected on the merits by the PCRA court and the

Pennsylvania Superior Court.[35]  In reviewing Petitioner's claims, the Magistrate Judge

determined that the state court's application of *Strickland* was not unreasonable.[36]  Petitioner

objects to the R&R in general terms, but has not shown any error.

1.      **Petitioner Cannot Show Trial Counsel Was Ineffective by Failing to Secure a DNA Expert.**

Petitioner argues that trial counsel was ineffective for failing to secure an expert to testify

that DNA evidence excluded him "as the perpetrator of the crime."[37]  This claim fails for two

reasons.

First, the PCRA court found that Petitioner failed to identify a specific expert, which was

fatal to his claim under governing Pennsylvania law.[38]  The court further determined that even if

an expert had been obtained to testify as Petitioner wished, it would not have added to his

defense as his counsel fully argued the issue in the same manner.[39]  Therefore, he could not show

any prejudice from the expert's failure to testify.

Second, even if a specific expert had been identified, Petitioner overstated the potential

effect of expert testimony regarding DNA evidence.  While DNA evidence may be conclusive of

___

as explained below, because Petitioner's claims are barred by Pennsylvania's statute of limitations and he cannot demonstrate "cause and prejudice" or a "fundamental miscarriage of justice" under *Coleman*, the Court finds that the procedural default cannot be excused.

[35] Doc. No. 14-2 at 14 ("[Petitioner's] claims of ineffectiveness on the part of trial and appellate counsel are either refuted by the record, underdeveloped, or otherwise without merit.").

[36] R&R at 5-16.

[37] Amended Petition at 18.

[38] Doc. No. 14-2 at 7 (noting that the Pennsylvania standard for counsel's ineffectiveness for failing to call a witness requires a PCRA petitioner show that the witness existed, the witness was available, and that counsel knew or should have known of the witness) (citing *Commonwealth v. Bomar*, 826 A.2d 831, 856 (Pa. 2003)).

[39] Doc. No. 14-2 at 8 ("Trial counsel argued that there was a high likelihood that [Petitioner's] DNA should have been present on the sofa cushion if the events had, indeed occurred as the victim claimed.  That is the same argument that [Petitioner] wanted an expert witness to make.").

guilt, the absence of DNA evidence cannot, conversely, show that Petitioner *did not* commit the crimes with which he was charged.  Rather, at most, it may demonstrate an inconsistency in the complainant's story, as defense counsel argued at trial.[40]  Ultimately, the trial court found the complainant credible and adjudged Petitioner guilty despite any potentially favorable evidence, which strongly suggests that an expert witness on the subject would not have changed the outcome of Petitioner's trial.[41]  Under these circumstances, the Court cannot conclude that the state courts' decisions were unreasonable.

> **2.     Petitioner Cannot Show Trial Counsel Was Ineffective by Not Obtaining an Expert to Discuss Effects of Naproxen and Klonopin.**

Second, Petitioner argues that counsel was ineffective for failing to obtain an expert to testify about the drugs Naproxen and Klonopin.[42]  The Pennsylvania Superior Court noted that Petitioner dedicated a "single sentence within his brief" to this contention, and it is unclear from Petitioner's brief what the import of this testimony would have been.[43]  Once again, Petitioner has failed to identify a specific witness or to demonstrate prejudice.  Indeed, Petitioner does not even articulate how he could have been prejudiced by the absence of this testimony at trial.  For these reasons, the PCRA courts correctly rejected Petitioner's claim.[44]

> **3.     Petitioner Cannot Show Trial Counsel Was Ineffective in Advising Him About His Right to Testify or by Failing to Contact Witnesses.**

Petitioner's third claim, that his lawyer was ineffective for failing to advise him about his

---

[40] Doc. No. 16-5 at 10-11 (arguing that complainant's testimony was inconsistent with physical evidence because three DNA samples recovered were not from defendant).

[41] Doc 16-5 at 20.

[42] Amended Petition at 18.

[43] Doc. No. 14-2 at 7.

[44] Doc. No. 14-2 at 8-9; *see also* R&R at 9.

right to testify and for failing to contact witnesses, also lacks merit.[45]  The state courts found that Petitioner was advised of his right to testify and waived it voluntarily.[46]  This determination is well supported by the trial record, which demonstrates that Petitioner's decision not to testify was informed by discussions with counsel, including a conversation with his lawyer immediately before he decided not to testify.[47]  In fact, when asked directly if he came to the decision not to testify of his own free will, Petitioner replied:  "With the advice of my attorney.  Yes."[48]  Based on this colloquy, the trial court found Petitioner's decision was voluntary,[49] and the Court cannot conclude that this decision was unreasonable.

With regard to counsel's alleged failure to contact witnesses,[50] the PCRA court determined that:  (1) Petitioner failed to identify the witnesses, (2) Petitioner failed to argue how we was prejudiced by the absence of their testimony, and (3) other witnesses presented were found credible.[51]  Without any evidence of who would have been called to testify or what they might have said, Petitioner's claim must fail.[52]

> **4.**     **Petitioner Cannot Show Trial Counsel Was Ineffective for Advising Him to Forego a Jury Trial.**

Fourth, Petitioner argues that counsel was ineffective for advising him to forego a jury

---

[45] Amended Petition at 18.

[46] Doc. No. 14-2 at 11-12.

[47] Doc. No. 16-5 at 4 (asking Petitioner if he had changed his mind overnight and confirming that he still did not wish to testify).

[48] *Id.*

[49] *Id.* (trial court's determination that Petitioner waived his right knowingly and voluntarily); *see also* R&R at 12-14 (recounting Petitioner's colloquy).  Additionally, Petitioner executed a written waiver of his right to testify.  Doc. No. 14-2 at 11-12.

[50] Amended Petition at 18.

[51] Doc. No. 14-2 at 9-10.

[52] *See also* R&R at 11.

trial.[53]  This claim is belied by the record, which reveals that the trial court conducted a full colloquy on the record and that Petitioner signed a waiver of his right to a trial by jury.[54] Petitioner failed to present any evidence that his attorney's advice fell below the *Strickland* standard.[55]  Without such a showing, Petitioner's claim cannot succeed.

### 5.   Petitioner Cannot Show Appellate Counsel Was Ineffective in Failing to Argue Insufficiency of the Evidence.

Petitioner's final exhausted claim relates to appellate counsel's ineffectiveness in not arguing the evidence presented at trial was insufficient as a matter of law to sustain the verdict.[56] The state courts determined that Petitioner's arguments were vague and underdeveloped because he failed to discuss any of the crimes of which he was convicted or their elements.[57] Nonetheless, the PCRA courts reviewed the evidence presented and determined it was "more than sufficient" to sustain Petitioner's convictions.[58]  Further, appellate counsel did argue that Petitioner's convictions were against the weight of the evidence.[59]  On this record, Petitioner cannot show ineffectiveness or prejudice, and the Court must reject Petitioner's final claim.

### B.   Petitioner's Unexhausted, Procedurally Defaulted Claims

Petitioner, after "review of the record and other information,"[60] brings three unexhausted claims in his habeas petition.  In particular, Petitioner argues:  (1) counsel was ineffective for failing to pursue a claim of actual innocence based on DNA or other evidence; (2) counsel was

---

[53] Amended Petition at 18.

[54] Doc. No. 16-1 at 2-3.  Petitioner does not appear to argue that this waiver was involuntary or otherwise invalid.

[55] Doc. No. 14-2 at 11-12.

[56] Amended Petition at 18; R&R at 15-16.

[57] Doc. No. 14-2 at 13-14.

[58] Doc. No. 14-2 at 14.

[59] Doc. No. 14-1 at 7-9.

[60] Amended Petition at 19.

ineffective for failing to investigate his statements to the police; and (3) that counsel failed to challenge a tape entered into evidence against Petitioner.  Although Petitioner has filed a second PCRA petition seeking review of these issues, Pennsylvania's PCRA statute bars Petitioner from litigating them.[61]  Therefore, the Court finds that each is procedurally defaulted and that Petitioner has failed to present evidence that permits review on the merits.[62]  Specifically, Petitioner has not shown "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[d] that failure to consider the claims would result in a fundamental miscarriage of justice."[63]

1.   **Petitioner Cannot Show Cause and Prejudice or a Miscarriage of Justice Resulting from Counsel's Failure to Pursue a Claim of Actual Innocence.**

Petitioner argues that his counsel was ineffective for failing to assert his actual innocence, and points to DNA evidence and "comments made by the trial court about the DNA at sentencing" to demonstrate his innocence.[64]  As Petitioner was in the courtroom when this evidence was presented and the content of all trial proceedings were memorialized in the record at the time of final disposition, his failure to present it timely to the state courts cannot be excused.  Indeed, Petitioner did not show cause for default in his petition.[65]  The Court has

---

[61] *See* 42 Pa. C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . .").  There are extremely narrow exceptions to this time bar, which must be raised within 60 days of the date the claim could have been presented.  *See id.* §§ 9545(b)(1)(i)-(iii), (b)(2).

[62] *Coleman,* 501 U.S. at 735 n.1 ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. . . . there is procedural default for purposes of federal habeas."); *see also McCandless*, 172 F.3d at 260 (noting that where state procedural rules bar the applicant from state court relief, claims are considered procedurally defaulted, and can only be considered if applicant demonstrates "cause and prejudice" or a "fundamental miscarriage of justice" under *Coleman*).

[63] *Coleman,* 501 U.S. at 750.

[64] Amended Petition at 19-20.

[65] *Id.*

already addressed Petitioner's arguments regarding the DNA evidence and finds that there is no danger of a fundamental miscarriage of justice here.

### 2. Petitioner Cannot Show Cause and Prejudice or a Miscarriage of Justice Stemming from Defects in Counsel's Pre-trial Investigation.

Petitioner next argues that trial counsel failed to investigate properly before trial and that counsel was ineffective for failing to challenge various pieces of evidence and statements presented at trial.[66]  Like his first unexhausted claim, these claims—founded in information known to Petitioner since his trial's final disposition—are time-barred.  Petitioner also presents no evidence excusing his failure to present these claims timely to the Pennsylvania courts.[67]  Therefore, the Court is constrained to find no fundamental miscarriage of justice will result if his claim is not reviewed.

### 3. Petitioner Cannot Show Cause and Prejudice or a Miscarriage of Justice Resulting from the Failure to Challenge Audiotape Evidence.

Petitioner's final unexhausted claim centers on his counsel's failure to challenge a tape he alleges was improperly admitted against him at trial.[68]  While Petitioner's brief argues how counsel was ineffective, Petitioner again does not show cause as to why these claims were not timely presented on collateral review.  No showing is made of actual prejudice to Petitioner by the tape's admission.[69]  Without any new evidence, the Court determines that procedural default cannot be overcome.

---

[66] Amended Petition at 20-22.  Specifically, Petitioner identifies counsel's failure to challenge a search warrant, counsel's failure to challenge statements taken while Petitioner was detoxing from oxycodone, and an allegedly illegally recorded tape.

[67] *Id.*

[68] *Id.* at 22.  Petitioner also appears to argue that his statements on the tape were not made voluntarily and were obtained in violation of the Sixth Amendment.  *Id.* at 21-22.  The Court finds that both Petitioner's arguments as to substance and admission of the tape are defaulted and not excused.

[69] *Id.* at 22.

### C. Petitioner Cannot Demonstrate Good Cause Required to Grant a Stay and Abeyance of the Writ

Petitioner has requested a stay and abeyance of his habeas petition while the Pennsylvania state courts address his second PRCA petition.[70]  Petitioner's objections to the R&R primarily addressed the determination that a stay and abeyance should not be granted.[71]

The stay and abeyance procedure holds a federal habeas petition pending exhaustion of state remedies, and it should only be granted in limited circumstances.[72]  "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for petitioner's failure to exhaust his claims first in state court."[73]  Here, the Court has reviewed Petitioner's unexhausted claims and determined that no cause was presented which would excuse default.  Therefore, a stay and abeyance is inappropriate and Petitioner's request is denied.

## IV. CONCLUSION

The objections to the R&R are overruled.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.[74]  An order will be entered.

---

[70] Amended Petition at 15.  It appears that the PCRA petition was dismissed in December 2016.

[71] Doc. No. 19 at 2.  Petitioner's objections to the R&R's finding regarding his actual innocence claim are addressed in Part III.B.1.

[72] *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

[73] *Id.* at 277.

[74] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).